USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/67

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

CHRISTOPHER BEAUFORD,

                     Plaintiff,           04 Civ. 7533 (JGK)

           - against -           MEMORANDUM OPINION
                                      AND ORDER
JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
LIEUTENANT O'DELL, BARBARA TEARS
(NURSE), and SERGEANT NAZI,

                 Defendants.
————————————————————————————————

JOHN G. KOELTL, District Judge:

    The defendants have moved to dismiss this action pursuant

to Federal Rule of Civil Procedure 41(b) for lack of

prosecution.  The Court examines five principal factors to

decide such a motion:  (1) the duration of the plaintiff's

failures, (2) whether the plaintiff received notice that further

delays would result in dismissal, (3) whether the defendants are

likely to be prejudiced by further delay, (4) a balancing of the

need to alleviate court congestion against the plaintiff's right

to due process and a fair chance to be heard, and (5) whether

lesser sanctions would be adequate.  See Shannon v. Gen. Elec.

Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Handlin v. Garvey, 91

Civ. 6777, 1996 WL 673823, at *3 (S.D.N.Y. Nov. 20, 1996).

    The plaintiff filed his pro se complaint in September of

2004, and filed an Amended Complaint on November 1, 2004 while

he was incarcerated at the Groveland Correctional Facility in

1

Sonyea, New York.   The Amended Complaint seeks compensation for excessive force, humiliation, and failure to treat the plaintiff's injuries resulting from an alleged incident at Dutchess County Jail in Poughkeepsie, New York.   Defendant Barbara Tears answered the Amended Complaint on February 24, 2005, and the remaining defendants answered on February 28, 2005.   In a letter dated March 14, 2005, the plaintiff informed the defendants' counsel of his release from prison and his new address in Schenectady, New York.   Since that time, the defendants have received no correspondence from the plaintiff.

On January 13, 2006, defendant Tears's counsel mailed a set of discovery requests to the plaintiff, but the plaintiff did not respond for over nine months, well in excess of the thirty days allowed under the Federal Rules of Civil Procedure.   On November 3, 2006, defendant Tears' counsel again sent correspondence to the plaintiff requesting responses to the discovery demands, but the letter was returned by the United States Postal Service marked undeliverable.   Correspondence from the Clerk of the Court has also been returned as undeliverable. It is apparent that the plaintiff has not kept the Court and the defendants apprised of his current address.

After the defendants filed their motions to dismiss and there was no timely response, the Court issued an Order dated December 22, 2006 extending the time to respond to the motions

and warning the plaintiff that if he did not respond, the
Amended Complaint would be dismissed for failure to prosecute,
in which event he would have no trial.  The plaintiff has failed
to respond after this extension.

The plaintiff has now been unresponsive to an outstanding
discovery request for more than a year.  A Court order
explicitly warned the plaintiff that further inaction would
result in dismissal prompted to response.  Any failure of the
plaintiff to receive actual notice of this Order, which was
served by mail to his last known address, was of the plaintiff's
own doing, as he is responsible for updating his current
address.  See Lukensow v. Harley Cars, 124 F.R.D. 64, 66
(S.D.N.Y. 1989).  The Court can presume that the defendants have
been prejudiced and will continue to be by further delay where
as here the plaintiff has already been unresponsive for a long
period of time.  Id. at 67.  The plaintiff has had more than
ample opportunity to have his case heard.  The first four
factors stated above therefore favor dismissal.

This case cannot proceed without the plaintiff's
prosecution of it and his availability and willingness to
respond to discovery requests.  A dismissal without prejudice is
a lesser sanction than dismissal with prejudice and is the only
reasonable lesser sanction that is sufficient under the
circumstances.

3

The Amended Complaint is **dismissed without prejudice** as

against all defendants for failure to prosecute.   The Clerk of

the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated:      New York, New York
            February 12, 2007

                                         _____
                                            John G. Koeltl
                                         United States District Judge

4